Arthur Markewich, J.
In the course of two interim reviews by the Appellate Division of the proceedings herein, certain clarification has taken place. The first of these decisions estab- *406 listed the right to vote of stockholders who acquired their stock for purposes other than occupation of co-operative apartments in the building owned by respondent corporation (2 A D 2d 875). Summed up, the same Per Curiam memorandum points to the issue: “the alleged failure of respondents to make material disclosures to the stockholders.” The second decision (3 A D 2d 269, 270-271) adds: [petitioners claim] “ that there had been fraudulent concealment, by the management and operating company, of various financial arrangements and transfers of vacant apartments in the building. It was also claimed that various proxies used in that election had been obtained both by fraud and coercion.”
The latter decision went on to say (p. 272): “It is quite material, then, that the serious charges, which have been made, be resolved in a proper forum, so that the stockholders, when they do vote, will, in addition to the informational campaign associated with the solicitation of proxies,' have the benefit of such proceedings.”
The charges have been aired and are now resolved in favor of respondents, as recommended by the Referee. Petitioners’ counsel has used 124 pages of a memorandum in opposition to present an unrestrained argument against the report and sometimes in an excess of zeal, it seems, against the Referee personally — apparently he had reconsidered his statement of appreciation uttered at the hearings’ close of “ the understanding of the issues * * * (there) * * * displayed.” Therefore the court has reviewed with care not only the Referee’s carefully detailed report of 107 pages, but the minutes (last page numbered 1483) of the hearings, the voluminous exhibits, and the files of five preceding motions and two appeals, before passing on this motion to confirm. The supporting minutes, exhibits, and other papers bear out the Referee’s report; his extended review and painstaking analysis leave little to be added. Such errors as there were at the hearing were minor and inconsequential and all rulings are hereby affirmed, and the report is confirmed in all respects and is adopted as the court’s opinion herein.
Perhaps it should be said that the Referee’s comments, characterized at the argument by petitioners’ counsel as “ irrel-evaneies,” were imported into this case by petitioners themselves ; they were part of the charges made in the campaign for proxies, they were set forth in the petition, and the Referee’s comments thereon were dispositive thereof.
Nor does the court share counsel’s alarm that this disposition lowers the classic standards laid down for fiduciaries by Judge *407 Cardozo in Meinhard v. Salmon (249 N. Y. 458). With respect to the subject matter of their agency, respondents did nothing improper. Those things they did do interfered not the slightest with their performance as agents. In fact, their personal transactions were with respect to things that their principal, respondent corporation, could not do, and they did not in any sense compete with or act to the detriment of either the corporation or its stockholders. Respondents took advantage of no opportunity of which the principal could have availed itself. It is true that this proceeding is not the place to pass judgment on respondents’ conduct but concealment is an evil in proportion to the evil of that which is concealed.
There is no evidence from which it could be properly inferred that proxies were unlawfully obtained or were otherwise invalid, nor that the disclosure of anything not disclosed would have changed the result, nor that failure to disclose either deceived or might have deceived any stockholders, nor that disclosure would have added materially to the knowledge already held by the electorate, particularly as shown by the pre-election charges, nor that anything was concealed as to which there was a duty to make disclosure.
An order is to be settled hereon which will dismiss this proceeding on the merits with costs, and which will confirm the election of corporate directors and their election of corporate officers at the meeting of February 20, 1956. The order will vacate the injunction contained in the order of January 22, 1957, and will provide, in accordance with the Appellate Division’s mandate (3 A D 2d 269, 274), that the election heretofore scheduled to be held on February 18, 1957, shall be held ‘ ‘ pursuant to a postponed meeting of stockholders at the earliest convenient date after 20 days from the making and entering of * * * [such] order ”. The order will, as above set forth, confirm the Referee’s report and make reservation of jurisdiction for determination of any application respecting the Referee’s compensation and payment thereof, as well as reservation of jurisdiction to hear and determine any application for payment of expenses under the amended certificate of incorporation of respondent corporation.
The election to be held pursuant hereto will, regardless of the outcome of these proceedings, have all that petitioners might legitimately ask: “ the benefit of * * * [these] proceedings * * * in addition to the informational campaign associated with the solicitation of proxies ”.